**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **THADDEUS HARDY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7043** |
| **1901 SOPHIE WRIGHT, LLC, ET AL.** | **SECTION "O"** |

**ORDER AND REASONS**

Before the Court in this disability-discrimination case is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant 1901 Sophie Wright, LLC, d/b/a Café Roma, to dismiss Plaintiff Thaddeus Hardy's claims for violations of Title III of the Americans with Disabilities Act of 1990, 42 U.S.C. §§ 12181–12189 ("ADA"), and the Louisiana Commission on Human Rights, LA. STAT. ANN. §§ 51:2231–2265 ("LCHR"). Hardy is a paraplegic who uses a wheelchair to move about. After he was unable to enter Italian restaurant Café Roma because of a step-up into the restaurant, Hardy sued the restaurant owner (1901 Sophie Wright, LLC) and the property owner (1800 OCH, LLC) for violating the ADA and the LCHR. The restaurant owner now moves to dismiss, contending (1) a lease not specifically referred to in the complaint proves it lacked control over the step-up into the restaurant; and (2) photographs not referred to in the complaint prove the restaurant is ADA-compliant. But these arguments rest on material the Court may not properly consider at this stage; they are suited for a summary judgment motion—not for a Rule 12(b)(6) motion. Accordingly, for these reasons and those that follow, the motion is **DENIED**.

---

[1] ECF No. 13.

## I. BACKGROUND

This disability-discrimination action arises from Thaddeus Hardy's claim that he could not enter Café Roma—an Italian restaurant owned and operated by 1901 Sophie Wright and located on property owned by 1800 OCH—by wheelchair because there is a step-up into the restaurant and there is no ramp.[2] Because this case comes to the Court on 1901 Sophie Wright's Rule 12(b)(6) motion to dismiss, the facts that follow are drawn from the well-pleaded allegations of Hardy's complaint. *See generally Club Retro, L.L.C. v. Hilton*, 568 F.3d 181, 190 (5th Cir. 2009).

Hardy is a paraplegic who uses a wheelchair to move about.[3] 1901 Sophie Wright owns and operates Café Roma;[4] 1800 OCH owns the property.[5] Hardy alleges that he visited Café Roma but could not enter because there is a step-up into the restaurant and there is no ramp.[6] Hardy alleges that he lives less than a mile from Café Roma and that he plans to return there to dine.[7] But Hardy alleges that he "fears that he will encounter the same barriers to access[ing]" the restaurant.[8] And Hardy alleges that those "barriers" are "the responsibility of" both "Defendants."[9]

Hardy sued 1901 Sophie Wright and 1800 OCH in this Court for violating the ADA and the LCHR.[10] His complaint does not mention any lease between 1901

---

[2] *See generally* ECF No. 1.
[3] *Id.* at ¶ 7.
[4] *Id.* at ¶ 9.
[5] *Id.* at ¶ 8.
[6] *Id.* at ¶ 18.
[7] *Id.* at ¶¶ 20–21.
[8] *Id.* at ¶ 21.
[9] *Id.* at ¶ 22 (capitalization modified).
[10] *Id.* at ¶¶ 14–27 (ADA); *id.* at ¶¶ 28–36 (LCHR).

Sophie Wright and 1800 OCH and includes no pictures of the property.[11] Hardy ultimately asks the Court for a declaration that the property "is in violation of the ADA and the LCHR"; an order directing 1901 Sophie Wright and 1800 OCH "to alter the [p]roperty to make it accessible to and useable by individuals with mobility disabilities"; damages under the LCHR "for the discriminatory conduct" of 1901 Sophie Wright and 1800 OCH; and attorney's fees, costs, and other expenses.[12]

Now, 1901 Sophie Wright moves to dismiss Hardy's complaint under Rule 12(b)(6) for failure to state a claim.[13] Hardy opposes.[14]

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at

---

[11] *Id.* at ¶¶ 1–36.

[12] *Id.* at prayer ¶ A–D.

[13] ECF No. 13.

[14] ECF No. 14. Originally, 1800 OCH also opposed 1901 Sophie Wright's motion. ECF No. 15. But the Court has since granted 1800 OCH's motion to withdraw its opposition. ECF No. 26.

555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

## III. ANALYSIS

1901 Sophie Wright contends that Hardy fails to state any claims against it for two reasons. But both rely on material outside the pleadings that the Court may not consider at the Rule 12(b)(6) stage. So neither argument persuades in this posture.

First, 1901 Sophie Wright submits that Hardy fails to state any claims against it because it had no control over the step-up outside the restaurant that Hardy says precluded his entry.[15] For support, 1901 Sophie Wright points to the language of a lease between it and 1800 OCH that is not specifically referenced in the complaint.[16]

[15] ECF No. 13-1 at 2–4.

[16] *Id.* at 3; *see also* ECF No. 13-2 (lease).

The Court may not dismiss Hardy's claims under Rule 12(b)(6) based on the lease. "[A] Rule 12(b)(6) motion typically cannot rely on evidence outside the complaint." *C&C Inv. Props., L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 660 (5th Cir. 2016). But that general rule is subject to two exceptions: The Court "may rely on evidence outside the complaint, without converting a Rule 12(b)(6) motion into a motion for summary judgment, if that evidence is either (a) a document attached to the Rule 12(b)(6) motion, referred to in the complaint, and central to the plaintiff's claim; or (b) a matter subject to judicial notice under Federal Rule of Evidence 201." *George v. SI Grp., Inc.*, 36 F.4th 611, 619 (5th Cir. 2022) (citing *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019)). "But going beyond the pleadings is otherwise error." *Id.* (citing *Brand Coupon Network, L.L.C. v. Catalina Mktg. Corp.*, 748 F.3d 631, 635 (5th Cir. 2014)). Neither of those exceptions applies here. No party asks the Court to take judicial notice of the contents of the lease. And the lease is not "referred to" in the complaint. *Id.* Nor has 1901 Sophie Wright argued that the lease is "central to" Hardy's claims. *Id.* So 1901 Sophie Wright has not convinced the Court that it may rely on the lease to resolve the Rule 12(b)(6) motion.[17]

Second, 1901 Sophie Wright contends that Hardy fails to state claims against it because the property is ADA-compliant.[18] For support, 1901 Sophie Wright again stretches beyond the complaint: It points to pictures of the property that show what it describes as a second, wheelchair-accessible entrance at the rear of the

[17] 1901 Sophie Wright cites no authority supporting its argument that the Court may consider the lease in this Rule 12(b)(6) posture simply because the complaint "alleges a relationship between the owner of the property and the entity that operates the business." ECF No. 13-1 at 3.

[18] ECF No. 13-1 at 4–5; ECF No. 16 at 1–3.

restaurant.[19] Like the first argument, this one too is suited for summary judgment—not for a Rule 12(b)(6) motion. The photos are not properly considered at this Rule 12(b)(6) stage: They are not referenced in Hardy's complaint, and no party contends that the Court may properly take judicial notice of them. *See George*, 748 F.3d at 619. So the Court may not rely on the photos to resolve the Rule 12(b)(6) motion.

* * *

1901 Sophie Wright has moved to dismiss and has not convinced the Court that it may properly consider the lease and the photos—materials that are not specifically "referred to" in Hardy's complaint, and that 1901 Sophie Wright has not shown to be "central to" Hardy's ADA and LCHR claims, *id.*—in the Court's necessarily constrained Rule 12(b)(6) review. Nor has 1901 Sophie Wright asked the Court to convert its motion to dismiss into a motion for summary judgment.[20] The Court will not convert the motion into a motion for summary judgment *sua sponte* under Rule 12(d) because Hardy insists that he needs limited discovery,[21] and 1901 Sophie Wright does not explain why limited discovery should not be allowed or would otherwise prove futile.[22]

---

[19] ECF No. 13-1 at 4; *see also* ECF No. 13-3 (photographs).

[20] *See* ECF No. 13-1; ECF No. 16.

[21] ECF No. 14 at 4.

[22] ECF No. 16 at 1–4. Because 1800 OCH has withdrawn its opposition, ECF No. 26, and because the Court denies the motion to dismiss on the grounds that it rests on materials the Court may not properly consider at this Rule 12(b)(6) stage, the Court does not reach 1800 OCH's arguments about the "buzzer system" that Café Roma allegedly altered, ECF No. 15 at 8–9, and the Court does not consider the affidavit attached to 1901 Sophie Wright's reply brief, ECF No. 16-1 at 1.

## IV. CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[23] to dismiss is **DENIED**.

New Orleans, Louisiana, this 25th day of March, 2025.

BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

[23] ECF No. 13.